IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROBERT V. DOYLE, BEHAVIOR and
MANAGEMENT SYSTEMS, INC.                                            PLAINTIFFS

V.                                    4:20CV01234 JM

ARKANSAS DEPARTMENT OF EDUCATION                                    DEFENDANT

### ORDER

Pending is the Defendant's motion to dismiss. Plaintiffs have filed a response to the motion and Defendant has filed a reply. For the reasons set forth below, the motion is granted.

Plaintiff, a former due process hearing officer for the Defendant, alleges that the Defendant terminated his employment contract without due process and in retaliation for Plaintiff's decision in a Vilonia School District due process hearing. Defendant has filed a motion to dismiss each of Plaintiff's claims against it.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is

very remote and unlikely")). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

    A.  Due Process and Breach of Contract

Defendant argues that the Eleventh Amendment bars Plaintiff's § 1983 due process claim. The Court agrees. The State of Arkansas has not waived its sovereign immunity from suit for claims under 42 U.S.C. § 1983, nor has Congress abrogated the State's immunity under that statute. *Id.; Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139 (1979). Therefore, the state's Eleventh Amendment immunity bars Plaintiff's 42 U.S.C. § 1983 claim and breach of contract claim against the Arkansas Department of Education. *See Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099 (1985).

    B.  Rehabilitation and Title II Claims

Defendant argues that Plaintiff cannot maintain a claim under § 504 of the Rehabilitation Act or Title II of the ADA because Plaintiff did not engage in a protected activity. Defendant contends Plaintiff was not protesting disability discrimination when he issued his order finding in favor of Student A[1] and ordering Student A to be allowed to return to school in the Vilonia School District. Instead, he was performing his job as an independent hearing officer.

Title II's retaliation clause is broad. It states, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter

---

[1] Plaintiff refers to the student claiming his due process rights were violated by Vilonia School District as Student A in the Complaint.

or because such individual made a charge, testified, assisted, or *participated in any manner* in an investigation, proceeding, or *hearing under this chapter*." 42 U.S.C. § 12203(a) (emphasis). ADA and Rehabilitation Act retaliation claims are analyzed together because they are generally treated interchangeably. *Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013).

Plaintiff participated or presided over a hearing to determine whether Student A had been provided a free appropriate public education by the Vilonia School District under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1044 *et seq*. Plaintiff alleges that the Defendant retaliated against him because of his decisions in favor of Student A. Plaintiff's decisions were made pursuant to the IDEA, not Title II of the ADA. Plaintiff was not participating in a hearing under Title II when he ruled in favor of Student A as required by 42 U.S.C. § 12203(a).

Further, Plaintiff's allegations regarding a causal connection between his decisions in favor of Student A and against the Vilonia School District and his termination by the Defendant are purely speculative. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). Therefore, Plaintiff cannot state a claim for retaliation under Title II of the ADA or the Rehabilitation Act.

For these reasons, Defendant's motion to dismiss (ECF No. 9) is GRANTED.

IT IS SO ORDERED this 9th day of December, 2020.

_____
James M. Moody Jr
United States District Judge